NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICAELA JOSE REYES; ALIZ DAFNE JOSE REYES,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-2762

Agency Nos.
A216-208-102
A216-208-103

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 2, 2025[**]
Pasadena, California

Before: GILMAN[***], M. SMITH, and VANDYKE, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Ronald Lee Gilman, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

Micaela Jose Reyes petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing her appeal of a ruling by an immigration judge (IJ) that denied Reyes's application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). She also alleges a due-process violation based on the IJ's denial of a motion for a continuance. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

1.     The BIA's conclusion that Reyes did not suffer past persecution in Mexico is supported by substantial evidence, which is the appropriate standard of review for factual determinations. *Rodriguez Tornes v. Garland*, 993 F.3d 743, 750 (9th Cir. 2021). Reyes did not present any evidence that she herself was personally harmed. Instead, she pointed to the murder of her uncle and the murders and kidnappings of other members of her community. These incidents are extremely disturbing, but they do not support Reyes's claim. "'[A]lthough harm to a petitioner's close relatives, friends, or associates may contribute to a successful showing of past persecution,' it must be 'part of a pattern of persecution closely tied to'" the petitioner herself. *Sharma v. Garland*, 9 F.4th 1052, 1062 (9th Cir. 2021) (quoting *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009)) (other internal quotation marks omitted); *cf. Sumolang v. Holder*, 723 F.3d 1080, 1084 (9th Cir. 2013) (holding that "harm to a child can amount to past persecution of the parent when that harm is, at least in part, directed against the parent 'on account of' or

'because of' *the parent's* race, religion, nationality, membership in a particular social group, or political opinion"). Reyes presents no evidence here, nor does she even argue, that any of the murders and kidnappings were directed at or closely tied to her personally.

2.    For the same reasons, substantial evidence supports the BIA's conclusion that Reyes does not have a well-founded fear of future persecution. We have held that in order for harm to a petitioner's family or friends to create a well-founded fear of future persecution, it must "create a pattern of persecution closely tied to the petitioner." *Arriaga-Barrientos v. I.N.S.*, 937 F.2d 411, 414 (9th Cir. 1991). Again, Reyes has not met that standard here.

3.    Because Reyes has failed to demonstrate a reasonable possibility of future persecution for asylum's purposes, she "necessarily fails to satisfy the more stringent standard [of 'more likely than not'] for withholding of removal." *See Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021) (citation omitted). The record accordingly does not compel a conclusion that Reyes is eligible for withholding of removal. *See Parada v. Sessions*, 902 F.3d 901, 908–09 (9th Cir. 2018) ("Substantial evidence review means that we may only reverse the agency's determination where the evidence compels a contrary conclusion from that adopted by the BIA." (internal quotation marks omitted)).

4.    Substantial evidence also supports the BIA's conclusion that Reyes is

not eligible for relief under CAT. The crux of Reyes's challenge to this determination is that the BIA failed to properly consider her evidence of past harm. But because we have determined that the BIA could "reasonably conclude that [Reyes's] past harm did not rise to the level of persecution, it necessarily falls short of the definition of torture." *See Sharma*, 9 F.4th at 1067. Reyes also does not challenge in her opening brief the BIA's conclusion that she failed to establish that any torture would be "by or at the instigation of or with the consent or acquiescence (including 'willful blindness') of a public official or other person acting in an official capacity." This issue, which is dispositive of her CAT claim, is therefore waived. *See Badgley v. United States*, 957 F.3d 969, 979 (9th Cir. 2020).

5.      Finally, the IJ's refusal to grant a continuance did not violate Reyes's due-process rights. "For us to grant the petition for review on due process grounds, Petitioner must show prejudice, 'which means that the outcome of the proceeding *may have been affected* by the alleged violation.'" *Lopez-Umanzor v. Gonzales*, 405 F.3d 1049, 1058 (9th Cir. 2005) (quoting *Reyes-Melendez v. I.N.S.*, 342 F.3d 1001, 1006 (9th Cir. 2003)). Reyes asserts that she sought a continuance to await documentation that would "corroborate" her testimony. But as the BIA observed, the IJ found Reyes credible, making additional corroborative evidence neither necessary nor helpful to her case. The outcome of the proceeding therefore was not "affected by the alleged violation." *See Lopez-Umanzor*, 405 F.3d at 1058.

**PETITION DENIED.**